IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02071-KLM

PRECISION AUTO BODY REPAIR & REFINISHING, INC. AND AUTO BODY PARTNERSHIP,

      Plaintiff,

v.

COLORADO FARM BUREAU MUTUAL INSURANCE COMPANY,

      Defendant.

_____

**ORDER ON SUMMARY JUDGMENT**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Bad Faith and Unreasonable Delay or Denial Claims [#21][1] (the "Motion"). The Motion [#21] is a partial summary judgment motion, as it does not seek summary judgment on Plaintiff's breach of contract claim. The Court has reviewed the Motion [#21], the Response [#26], the Reply [#30], the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#35] is **GRANTED**.

---

[1] [#21] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).

## I. Material Facts[2]

Colorado Farm Bureau Mutual Insurance Company ("Defendant") issued a policy of insurance, 01-CL-000513471, to Precision Auto Body Repair and Refinishing and Precision Auto Partnership ("Plaintiff") with effective dates from December 20, 2017 to December 20, 2018.  *Motion* [#21], Ex. A, Policy.

On July 18, 2018 a claim was submitted by Plaintiff alleging hail damage to the roofs of Plaintiff's buildings.  Defendant assigned adjuster Kellen Fowler.

On September 14, 2018, the roofs were inspected by Mr. Fowler.  Mr. Fowler found no functional damage; only minor cosmetic hail damage to some areas of the building excluding the roof coverings.  *See Motion* [#21] at 2.  The policy contains an exclusion for cosmetic damage to the roof which provides that the insurance company is not obligated to pay for merely cosmetic hail damage to roof coverings.  *Id.*, Ex. A at 133-134; *see also* Ex. C.  Mr. Fowler wrote an estimate for $8,274.64 consistent with the coverages under the policy, and sent his estimate and a check to the insured on October 5, 2018.  *See id.* Ex. C.

After receipt of Mr. Fowler's letter, the insured's public adjuster had few questions.  It asked only if the Policy had a cosmetic roof damage endorsement and if Mr. Fowler found any further hail damage to the roofs.  *Motion* [#21], Ex. D.  Mr. Fowler responded that the policy did have a cosmetic roof damage exclusion and that he did not find any damage to the roofs of the Property.  Mr. Fowler asked in response if the public adjuster found any

---

[2]  The Court has cited to the evidence in support of a fact only when quoting the evidence or when the Court deems the evidence to be particularly instructive as to a fact.  Most of the facts are undisputed.

damage to the roof surface during its inspection.  See *id*., Ex. B ¶ 6; Ex. D.  Mr. Fowler did

not receive a response to that question.  *Id*., Ex. B ¶ 6.  In fact, Mr. Fowler did not hear

anything about his letter or estimate until January 25, 2019, when counsel for the insured

sent a letter of representation.

On May 16, 2019, Defendant received a demand letter from the insured's counsel.

Attached to the demand letter was an estimate from Public Claims Adjustors of America

("Public Claims Adjusters") in the amount of $487,457.90.  *See Motion* [#21], Exs. F, G.

On June 20, 2019, counsel for Defendant responded and requested access to the

roofs for an additional inspection.   Defendant had the roofs reinspected by licensed

professional engineer Jim Koontz, P.E.  Mr. Koontz provided a report dated September 19,

2019.

Mr. Koontz's inspection did not find any damage requiring replacement of the roofs

due to hail.  The conclusion of Mr. Koontz's report states:

a.     The roofs on the two buildings at the Precision Auto Body Repair Company
       are in deteriorated condition. The roofs are aged.

b.     The EPDM roof on Roof Area A, 100 16th Street, is undamaged by hail.
       Damage was also not observed on the older gravel built up roof, Area B, or
       the metal roof, Area C.

c.     The 1619 1st Avenue building has been leaking for an extended period of
       time. The skylights do constitute a fall hazard.

d.     Based upon the visual examination of the two buildings, Jim D. Koontz is of
       the opinion that the roofs have not been damaged by any recent hail in the
       Greeley, Colorado, area. JDKA recommends no action on the roofs as it
       relates to any recent hail.

*Motion* [#21], Ex. J at p. 6.  Plaintiff admits that Mr. Koontz opined that no hail damage

existed to require replacement of Plaintiff's roof, and does not deny the above facts

regarding Mr. Koontz's report.    However, Plaintiff disputes Mr. Koontz's finding and

opinions, citing the Storm Damage Report prepared for Plaintiffs by Licensed Professional

Engineer Brian C. Johnson.  *See Response* [#26], Ex. C.  The Court notes that this report

was prepared on January 27, 2021, after the litigation commenced.  *Id.*

On September 26, 2019, the Koontz report was provided to Plaintiff's counsel via

a letter from Defendant's counsel.  In that letter, counsel stated that Defendant's previous

coverage position had not changed as neither the previous adjuster nor Mr. Koontz found

damage necessitating the repair or replacement of the roofs.  *Motion* [#21], Ex. K.  Also in

that letter, counsel for Defendant noted that the  repair estimate of Public Claims Adjusters

did not contain "any opinion or analysis that any roof at the property was damaged by hail

and needs to be replaced as a result."  *Id.*  Nonetheless, counsel stated that Mr. Koontz's

inspection was ordered "to ensure a thorough consideration" of Public Claims Adjusters'

estimate.  *Id.*  The letter concluded that if Plaintiff continued to disagree with Defendant's

position, Plaintiff should "provide any factual and/or legal bases for the disagreement" for

Defendant's consideration.  *Id.*

Plaintiff did not respond to the September 26, 2019 letter with any additional

information to dispute Defendant's findings.  Instead, Plaintiff filed suit on June 15, 2020.

Plaintiff avers that Defendant failed to conduct a reasonable investigation into its

claim for hail damage and wrongfully underpaid Plaintiff's claim on the basis of the faulty

investigation, causing Plaintiff to have to hire its own adjuster and expert to properly assess

the damages.  *See Compl.* [#3] at 10-14, 28, and 29.  The bad faith claim alleges that

Defendant violated its duty of good faith and fair dealing by "negligently, improperly, and/or

unreasonably handl[ing] the claim and fai[ling] to properly investigate, evaluate, negotiate

and/or settle the claim when it should have done so under the circumstances."  *Id.* ¶ 28. The statutory claim avers that Defendant unreasonably delayed and/or denied benefits owed to Plaintiff.  *Id.* ¶ 34.

Trial is currently set to commence on February 7, 2022.   A Final Pretrial/Trial Preparation/Jury Instruction Conference is set for January 14, ,2022, at 1:30 p.m.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.  *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his

claim such that a reasonable jury could find in his favor.  *See Anderson*, 477 U.S. at 248.
The nonmovant must go beyond the allegations and denials of his pleadings and provide
admissible evidence, which the Court views in the light most favorable to him.  *Adickes v.
S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d
1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).

Conclusory statements based merely on conjecture, speculation, or subjective belief
are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d
869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere
reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded.
*See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (4th ed. 2017).

### III.  Analysis

As noted earlier, the Motion [#21] seeks summary judgment on the bad faith claim
and the claim for the unreasonable delay or denial of benefits pursuant to Colo. Rev. Stat.
§§ 10-3-115 and 116.  Defendant asserts that the undisputed facts show that it had a
reasonable basis to refuse to provide coverage for Plaintiff's claim for roof replacement due
to hail damage. The information available to Defendant from two separate inspections by
both its adjuster and a licensed professional engineer was that the roof was not hail
damaged and did not need to be replaced or repaired due to hail.  *Motion* [#21] at 3, 7, 12.
Plaintiff never provided any factual basis to dispute Defendant's findings before filing this
suit, and Defendant argues that Plaintiff's claims for bad faith breach of contract and
unreasonable delay or denial of insurance benefits must fail because Plaintiff cannot prove
an essential element of both claims.  *Id*. at 3, 7.

Turning to the Court's analysis, the requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim. Both common law and statutory bad faith claims require a showing of unreasonable conduct. *Trujillo v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-0410-WJM-NRN, 2019 WL 3996882, at *8 (D. Colo. Aug. 23, 2019) (citing *Goodson v. Am. Standard. Ins. Co. of Wisc.*, 89 P.3d 409, 414 (Colo. 2004)). However, a common law insurance bad faith claim in a first-party claim like this one[3] requires the insured to sufficiently allege both that the insurer acted unreasonably under the circumstances *and* that the insurer knowingly or recklessly disregarded the validity of the insured's claim, while "the only element at issue in a statutory claim is whether an insurer denied [or delayed] benefits without a reasonable basis." *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015) (*Fisher I*) (citations omitted), *aff'd State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018) (*Fisher II*); *Goodson*, 89 P.3d at 415.

Here, as discussed previously, Defendant's Motion [#21] is premised on whether Plaintiff has sufficiently alleged the common element of these two claims, *i.e.*, whether Defendant engaged in unreasonable conduct. *Motion* [#21] at 3, 7, 11. The reasonableness of an insurer's conduct must be determined objectively based on industry standards. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011) (citing *Allen's Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004)). Plaintiff has not endorsed an expert with regard to industry standards. Further, "[u]nder Colorado law, it is

---

[3]   "[F]irst-party cases differ from third-party cases because, in a first-party action, the defendant insurance company owes the plaintiff-insured a duty of good faith." *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 657 (Colo. 2012).

reasonable for an insurer to challenge claims that are 'fairly debatable.'" *Id.* Finally, an insurer's claims handling decisions "'must be evaluated based on the information before the insurer at the time of that decision.'" *State Farm Mut. Auto. Ins. Co. v. Reyher*, 266 P.3d 383, 390 (Colo. 2011) (en banc) (citation omitted).

      "[A]n insurer will be found to have acted in bad faith only if it has intentionally denied, failed to process, or failed to pay a claim without a reasonable basis." *Zolman*, 261 P.3d at 497. The reasonableness of the insurer's conduct is viewed objectively. *Sanderson v. Am. Fam.*, 251 P.3d 1213, 1217 (Colo. App. 2010). "[E]ven if an insurer possesses a mistaken belief that a claim is not compensable, it may be within the scope of permissible challenge." *Id.* Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists. *Zolman*, 261 P.3d at 497. However, in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law. *Id.*; *Bankr. Estate of Morris v. COPIC Ins. Co.*, 12 P.3d 519, 524 (Colo. App. 2008).

      In the case at hand, Plaintiff argues that Defendant's inspections failed to properly quantify the full amount of damage to the property, and that Defendant disregarded objective evidence of covered damage to the Property and issued an unreasonable denial of Plaintiff's claims. *Response* [#26] at 2. Further, Plaintiff asserts that its expert engineer opined that the property's roofing system was damaged by hail impacts, requiring significant repairs, and that the property's roof "has the most obvious hail damage [he] has seen to date." *Id.* at 2, 5. According to Plaintiff, the disparity between Defendant's denial and Plaintiff's estimates of $343,478. 53 and $487,457.90 serves to illustrate the unreasonable and improper nature of Defendant's investigation and presents a fact issue.

*Id*. at 4.  Further, Plaintiff asserts that the inability of Defendant's adjusters and engineers to locate and document the full extent of the covered hail and wind damage to the property during the course of its inspections led to the improper calculation of, and denial and delay of, benefits.  This illustrates, according to Plaintiff, how inadequate and unreasonable Defendant's conduct was throughout its investigation, and shows that Defendant's actions were committed knowingly or with reckless disregard for the validity of Plaintiff's claim.  *Id*. at 4-6.  Accordingly, Plaintiff argues that it has presented "ample evidence that a genuine issue of material fact still exists" as to its bad faith and unreasonable denial/delay claims. *Id*. at 5-6.

The Court disagrees with Plaintiff, finding that summary judgment is appropriate on the bad faith and the unreasonable denial/delay claims.   Plaintiff has not shown that there is a genuine issue of fact regarding the unreasonableness of Defendant's conduct in connection with the investigation and delay/denial of benefits.  While Plaintiff asserts that Defendant disregarded objective evidence, this is not accurate.

As discussed in Section I, *supra*, in response to a question from Plaintiff's public adjuster to Mr. Fowler about whether the policy had a cosmetic roof damage endorsement, Mr. Fowler responded that it did, and asked if the public adjuster found any damage to the roof surface during its inspection.  Mr. Fowler did not receive a response.  When the report from Public Claims Adjusters was provided to Defendant several months later in connection with the demand letter from Plaintiff's counsel, Defendant reinspected the building to evaluate the claimed damage.  *Motion* [#21], Ex. H, Ex. K.

Defendant retained licensed professional engineer Jim Koontz to conduct the second inspection of the Property.   Mr. Koontz confirmed Mr. Fowler's finding that there

was no roof damage.  As Defendant points out, the report from Public Claims Adjustors does not state to the contrary.  As stated in the September 26, 2019 letter from defense counsel, the repair estimate of Public Claims Adjusters did not offer any opinion or analysis that the roofs at Plaintiff's property were damaged by hail and needed to be replaced as a result.  *Motion* [#21], Ex. K.  Instead, the estimate of Public Claims Adjusters merely set forth costs of replacement.  Thus, there are no genuine issues of material fact regarding Plaintiff's assertion that Defendant disregarded objective evidence of covered damage to Plaintiff's property.

Further, the September 26, 2019 letter from defense counsel specifically advised that if Plaintiff continued to disagree with Defendant's position, Plaintiff should "provide any factual and/or legal bases for the disagreement" for Defendant's consideration.  *Motion* [#21]. Ex. K.  No such information was provided by Plaintiff.  Instead, Plaintiff filed suit. Thus, Defendant twice asked for information supporting Plaintiff's demand for additional payment under the policy, once by Mr. Fowler and once by defense counsel, and did not receive any such information.  Under these circumstances, even construing the evidence in the light most favorable to Plaintiff, there is simply no evidence from which a reasonable jury could find that Defendant acted unreasonably in connection with the inspection or valuation of the benefits owed to Plaintiff.

While Plaintiff relies on the Storm Damage Report prepared by Plaintiff's expert Licensed Professional Engineer Brian C. Johnson (*Response* [#26], Exhibit C), that report was prepared after this litigation commenced.  As such, while it is relevant to coverage under the policy and Plaintiff's breach of contract claim, it does not support a finding of unreasonableness in regard to the bad faith and statutory claims.  Again, an insurer's

claims handling decisions must be evaluated by the information before the insurer at the time of the decision.  *Reyher*, 266 P.3d at 390.

## IV.  Conclusion

Based upon the foregoing,

IT IS HEREBY **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.  Judgment shall enter in favor of Defendant and against Plaintiff on the bad faith claim and the statutory claim related to the unreasonable denial or delay of benefits. The breach of contract claim remains pending.

Dated:  November 22, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge